KENTUCKY COMMISSION ON HUMAN
RIGHTS on Behalf of Solomon BOGALE
and Danita Bogale, Appellants,

v.

EASTERN KENTUCKY UNIVERSITY,
Appellee.

No. 1997–CA–002600–MR

Court of Appeals of Kentucky.

Feb. 12, 1999.

Richard Gregory Munson, Alteata McWilliams (formerly Bowman), Ky. Comm'n on Human Rights, Louisville, for Appellants.

Stephen L. Barker, Katherine M. Coleman, Edmund J. Benson, Lexington, for Appellee.

Before BUCKINGHAM, JOHNSON, and KNOX, Judges.

## OPINION

BUCKINGHAM, Judge.

Kentucky Commission on Human Rights (the Commission) appeals on behalf of Solomon and Danita Bogale (the Bogales) from an order of the Madison Circuit Court which dismissed with prejudice the complaint filed by the Commission on behalf of the Bogales against Eastern Kentucky University (the University), Dr. Thomas Myers (Myers), and Harry Moberly, Jr. (Moberly) (hereafter referred to collectively as "the University" unless otherwise noted). We affirm.

The Bogales, an interracial married couple, were residing in University housing with their two children when a domestic violence incident occurred in their apartment in 1995. University police forwarded a report concerning this incident to Myers, the University's vice-president of student affairs, and Myers referred the matter to Moberly, the director of student judicial affairs. Moberly conducted a hearing concerning the incident in June 1995, after which time he evicted Solomon Bogale from University housing but took no action against Danita Bogale.

Solomon Bogale appealed Moberly's decision to Myers, but Myers upheld Moberly's decision and gave Solomon Bogale ten days in which to vacate University housing. Not desiring to disrupt their family, the Bogales and their children vacated University housing on June 28, 1995. The Bogales filed a complaint with the Commission against the University, Myers, and Moberly in September 1995, in which they alleged that they were discriminated against due to their interracial marriage.

After a period of investigation, the Commission sent a letter to Giles Black (apparently the University's counsel) on August 15, 1996, stating its finding of probable cause concerning a violation of KRS 344.360 [1] by the University. The probable cause letter provided that the parties had a right to have this claim decided in an administrative hearing under KRS 344.640 or in a civil action under KRS 344.670 and further provided that "[t]he person making the election [of forums] is required to give written notice of such election to the Commission."

On August 26, 1996, Black wrote a letter to the Commission which stated that the University "respectfully request[s] that the matter be disposed of in the proceeding pursuant to KRS 344.670 [the civil action]." Copies of this letter were sent to the Commission, the Commission's staff attorney assigned to the case, Myers, and Moberly, but not to the Bogales.

Despite the letter from Black to the Commission, the next action taken was an order issued by the Commission in January 1997 which selected a hearing panel to adjudge the Bogales' complaint. Black responded to the order selecting a hearing panel by writing a letter to the Commission which stated that he "had requested by letter of August 26, 1996 . . . that the matter be disposed of in a judicial proceeding" and requested that the Commission rescind its order setting a hearing panel so that the matter could be disposed of pursuant to KRS 344.670. This letter was sent to the Commission and its staff attorney, as well as to Moberly and Myers, but not to the Bogales.

The Commission's new managing attorney then discussed the matter with Black, the result of which was Black's tendering an order rescinding the order setting a hearing panel to the Commission for its approval. Black's tendered order was approved by the Commission in March 1997.

On April 24, 1997, the Commission filed suit on behalf of the Bogales in the Madison Circuit Court. The University responded with a motion to dismiss based upon its belief that the Commission's suit was untimely under KRS 344.670. That statute provides in pertinent part that if an election for a judicial determination is made pursuant to KRS 344.635, the Commission is required to commence an action in the circuit court within

---

1. KRS 344.360 prohibits unlawful housing practices such as discrimination due to race, color, religion, sex, or familial status.

thirty days after the election is made. As the letter from Black to the Commission requesting proceedings under KRS 344.670 was dated August 26, 1996, the University argued that the Commission filed suit on behalf of the Bogales well after the thirty-day time period had expired. The trial court granted the University's motion and dismissed the complaint filed by the Commission on behalf of the Bogales with prejudice. The Commission then filed the appeal sub judice on the Bogales' behalf.

The Commission's first argument is that the University failed to properly elect a judicial forum pursuant to KRS 344.635, which provides in pertinent part as follows:

> When a discriminatory housing charge is filed under KRS 344.625, a complainant, a respondent, or the aggrieved person on whose behalf the complaint is filed, may elect to have the claims asserted in that charge decided in a civil action under KRS 344.670, in lieu of an administrative hearing before the commission under KRS 344.640.
>
> . . . .
>
> (2) The person making the election shall give written notice of doing so to the commission *and to all other complainants and respondents to whom the charge relates.*

■ (Emphasis added.) The crux of the Commission's argument is that the University did not execute a valid election to pursue a civil action under KRS 344.670 because the University failed to give written notice of its election to the Bogales as required by the statute. The University does not deny that it failed to give written notice of its election of a civil action directly to the Bogales; however, the University notes that the probable cause letter sent by the Commission to the University stated that the party making an election need only notify the Commission.

There is no question that the University failed to give written notice to the Bogales of its election to have the claim asserted in a civil action under KRS 344.670, and there is no question that the letter from the Commission advised the University that the person making the election need only notify the Commission. The issue, however, is whether the University's failure to comply with KRS 344.635 and give notice to the Bogales excuses the Commission's failure to file the civil action in the trial court within the thirty-day time period. The trial court concluded that it did not, and we agree. As the election letter from the University asserted the right to have the action brought pursuant to KRS 344.670, and as such action must be brought by the Commission (although on behalf of the Bogales), we conclude that notice to the Commission but not the Bogales was sufficient to invoke the commencement of the thirty-day period in which to file the action, especially in light of the Bogales' independent right of action under KRS 344.650.

■ The Commission's next argument is that, even if the complaint was not timely filed under KRS 344.670, it was timely filed under KRS 344.650, which provides in relevant part that:

> (1) An aggrieved person may file a civil action in an appropriate Circuit Court not later than two (2) years after the occurrence or the termination of an alleged discriminatory housing practice, ... to obtain appropriate relief with respect to the discriminatory housing practice or breach.
>
> (2) The computation of the two (2) year period shall not include any time during which an administrative proceeding under this chapter is pending with respect to a complaint or charge of an alleged discriminatory housing practice.

The Commission admits that it is not the "aggrieved person," but it notes that the first paragraph of its complaint states that the action was filed pursuant to KRS 344.670 *and* KRS 344.650 and further notes that the Bogales are referred to as the plaintiffs in the complaint. It contends that jurisdiction under KRS 344.650 does not depend upon who is representing the aggrieved party.

On the other hand, the University argues that KRS 344.650 plainly applies only to actions brought by an "aggrieved person" and not to actions brought by the Commission on behalf of aggrieved persons. The trial court agreed with the University and ruled that

the Commission was not an aggrieved person entitled to file an action under the statute. The trial court further noted, however, that the complaint would have been timely filed under the statute if it had been filed by the Bogales rather than by the Commission.

■ We agree with the trial court and conclude that KRS 344.650 does not provide the Commission with an independent cause of action since the Commission, by its own admission, is not an aggrieved person. In short, KRS 344.650 and KRS 344.670 outline separate and discrete methods for filing actions in circuit court and do not provide interchangeable avenues of relief.

Finally, the Commission contends that the trial court erred in dismissing its complaint with prejudice. It argues that the two-year limitations period set forth in KRS 344.650 has not run and that the Bogales could still file an action pursuant to that statute and be well within the two-year period as of the date of their brief. ·The University acknowledges that the statute of limitations is tolled while the Commission continues to proceed in the case.

■ We agree that the trial court properly dismissed the Commission's complaint with prejudice. We construe that ruling to mean that the Commission may not refile this action as the thirty-day limitation period had expired. We do not construe the ruling to mean that the Bogales are prohibited from filing a separate action pursuant to KRS 344.650, however, provided the two-year limitation period allowed by that statute has not expired.

The judgment of the Madison Circuit Court is affirmed.

All Concur.